IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John and Vanessa Coker as Personal Representatives of the Estate of John Wilson Coker, III, deceased, | ) ) ) ) | C.A. No. 3:11-cv-0446-CMC |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | OPINION AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |
| Fireman's Fund Insurance Company, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the court on motion of Defendant, Fireman's Fund Insurance Company ("FFIC"), to reconsider the denial of FFIC's motion for summary judgment. *See* Dkt. No. 26 (order); Dkt. No. 35 (motion). For reasons set forth below, the motion is denied to the extent it seeks modification of the order denying summary judgment and granted to the extent it seeks clarification of the relief which might be granted through this action.

## DISCUSSION

**Breach of Contract and Bad Faith Failure to Pay Insurance Benefits.** As explained in the prior order, the record evidence is susceptible to multiple interpretations, one of which is that FFIC

> intentionally delayed the process [of perfecting a Replacement Cost claim], failed to provide information requested by [Plaintiffs], promised to obtain estimates which were not timely sought, or made statements suggesting greater uncertainty in the process than necessary, all *for the purpose of discouraging* [Plaintiffs] from pursuing or perfecting a Replacement Cost claim.

Dkt. No. 26 at 4 (emphasis in original). FFIC's present motion fails to persuade the court either that the evidence is not susceptible to this interpretation or that such an interpretation would not support

both a finding of breach of contract and a finding of bad faith failure to pay first party insurance benefits.

**Appraisal.** FFIC argues, and the court agrees, that the insurance policy established a mechanism for resolving disputes as to valuation: the appraisal process. Unfortunately, despite mentioning the availability of this process in two letters sent to the Cokers or their representatives before suit was filed, FFIC never invoked its right to appraisal until the last day of the fact-discovery process, a full six months after suit was filed. *See* Dkt. No. 26*.* at 5 (discussing request to compel appraisal). In the interim, the Cokers incurred additional delays and the expense of litigation and FFIC gained the benefit of the discovery process. The court is not persuaded that it erred in concluding FFIC waived its right to invoke the appraisal process under these circumstances.

**Jury Issue and Remedy.** FFIC's waiver of its right to invoke the appraisal process means that, if the jury finds FFIC breached the contract, then it will be for the jury to decide the proper maximum value to be paid under the Replacement Cost Provision.[1] This is not to suggest that a judgment for damages would be entered based on the jury's valuation determination. Instead, some hybrid remedy such as that suggested by FFIC will be necessary in light of the policy provisions which envision actual payment being made only after the Cokers expend sums in excess of the policy limits to rebuild or replace the home.[2] In contrast, if the jury finds FFIC liable for bad faith

---

[1] As noted in the earlier order, the evidence would also support a finding that "the Cokers failed to fully cooperate in FFIC's investigation, leading to the failure to reach agreement on the maximum amount available under the Replacement Cost Provision." If the jury draws this inference, it would not find FFIC in breach of contract. Absent a finding that FFIC breached the contract, the jury would have no reason to consider damages-related issues.

[2] FFIC proposes that the court enter "an equitable order of specific performance [requiring FFIC to] reimburse the Cokers for an amount up to the Replacement Cost Value, as determined by the jury, only after [the Cokers] incur additional costs rebuilding or replacing the home." *See* Dkt.

failure to pay benefits, then it could award damages on that claim which damages could be reduced to a monetary judgment.

## CONCLUSION

For the reasons set forth above, FFIC's motion to reconsider is denied except to the extent it seeks clarification of the relief available which clarification is provided above.

IT IS SO ORDERED.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 27, 2012

---

No. 30 at 6. While the court reserves any final determination as to the proper form of relief until the time of trial, it is, at present, inclined to adopt FFIC's proposal on this point.

3